UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE W. COX, JR.,

    Plaintiff,

Case No. 13-cv-14553

v.

HONORABLE STEPHEN J. MURPHY, III

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

                                   /

**ORDER ADOPTING REPORT
AND RECOMMENDATION** (document no. 19)**, DENYING COX'S MOTION FOR
SUMMARY JUDGMENT** (document no. 13)**, GRANTING THE COMMISSIONER'S
MOTION FOR SUMMARY JUDGMENT** (document no. 17)**, AND DISMISSING CASE**

      The Social Security Administration ("SSA") denied the application of Terrance W. Cox, Jr. ("Cox") for disability insurance benefits and supplemental security income in a decision issued by Administrative Law Judge ("ALJ") Patricia S. McKay on June 22, 2012. *See* Administrative R. ("A.R.") 14–33, ECF No. 11-2. After the SSA Appeals Council declined to review the decision, Cox appealed. The Court referred the matter to Magistrate Judge David R. Grand, and the parties filed cross-motions for summary judgment. *See* Mots. Summ J., ECF Nos. 13, 17.

      On October 7, 2014, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court deny Cox's motion and grant the Commissioner for Social Security's ("Commissioner") motion. Report, ECF No. 19. Cox made three contentions in his motion: (1) the ALJ failed to properly evaluate the medical opinion evidence and thereby miscalculated the residual functional capacity; (2) the ALJ's credibility determination was unsupported by substantial evidence; and (3) the ALJ's Step 5 analysis

was unsupported because the ALJ relied upon an incomplete hypothetical question asked to the vocational expert. Pl.'s Mot. Summ. J. 2, ECF No. 13.

The magistrate judge carefully examined the administrative record, and found that the ALJ's conclusion that Cox retained the residual functional capacity for a restricted range of sedentary work was supported by substantial evidence. The magistrate judge noted that medical evidence revealed Cox's arthritis was well-controlled with prescription medication, that multiple podiatric examinations showed normal objective findings, that Cox's treating neurologist found that Cox had only mild difficulty with tandem gait, and that Cox's complaints of severe pain were excessive. Report 5, ECF No. 19. Doctors also reported that Cox had a "normal gait," "normal strength in all extremities," "normal range of motion in all joints," and "normal grip strength." *Id.* at 5–6. Although initial exams revealed extensive tenderness in Cox's hands and upper extremities, subsequent clinical evaluations showed improvement with medication. *Id.* at 6. The magistrate judge found that the ALJ's evaluation of the medical opinion evidence was proper and supported by substantial evidence. The Court agrees.

The magistrate judge also noted there was no error concerning the ALJ's credibility determination. The ALJ correctly identified inconsistencies with respect to Cox's claims of extreme limitations. *Id.* The ALJ relied in part on Cox's stated abilities and the fact that he repeatedly failed to adhere to treatment recommendations. *Id.* at 6–7. Finally, the magistrate judge undertook an extensive review of the ALJ's hypothetical question posed to the vocational expert. The magistrate judge concluded that the question was not flawed, despite Cox's claim that it did not account for his inability to sit or stand for prolonged

periods, and that the ALJ appropriately accounted for Cox's problems by restricting him to certain work. *Id.* at 7 n.3.

Civil Rule 72(b) governs review of a magistrate judge's report and recommendation. De novo review of the magistrate judge's findings is only required if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Nevertheless, because a district judge always retains jurisdiction over a motion after referring it to a magistrate judge, he is entitled to review the magistrate judge's findings of fact and conclusions of law on his own initiative. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (clarifying that while a district court judge need not review a report and recommendation "de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").

Because neither Cox nor the Commissioner filed objections, de novo review of the Report's conclusions is not required. Having reviewed the Report's analysis, in light of the record, the Court finds that its conclusions are factually based and legally sound. Accordingly, it will adopt the Report's findings, deny Cox's motion for summary judgment, grant the Commissioner's motion for summary judgment, and dismiss the case.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's Report and Recommendation (document no. 19) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Cox's Motion for Summary Judgment (document no. 13) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment (document no. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                                      s/Stephen J. Murphy, III
                                      STEPHEN J. MURPHY, III
                                      United States District Judge

Dated: October 31, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 31, 2014, by electronic and/or ordinary mail.

                                      s/Carol Cohron
                                      Case Manager